**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

FRANK    BIFULCO    and    SAM )
MILLER, Individually, and on Behalf )
of All Others Similarly Situated, )
                                  )
               **Plaintiffs,** )
                                  )
       v. )     **Case No.**
                                    )
THE  MORTGAGE  ZONE,  INC., )
ALAN       BREECKER       and )     **ECF CASE**
JONATHAN EVANS, )
                                    )
          **Defendants.** )



CV 09 0230

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 22 2009 ★

LONG ISLAND OFFICE

**COMPLAINT**

BIANCO, J.
BOYLE, M.

    Plaintiffs Frank Bifulco ("Bifulco") and Sam Miller ("Miller") individually and on behalf

of all others similarly situated, by and through their undersigned counsel, for their Complaint

against Defendants The Mortgage Zone, Inc. ("TMZ"), Alan Breecker and Jonathan Evans

(collectively "Individual Defendants") state as follows:

**JURISDICTION AND VENUE**

1.      Plaintiffs, by and through their attorneys, bring the following action for violations of the

New York Labor Articles 6 and 19 and the New York Code Rules and Regulations §§138-2.1 *et.*

*seq.* ("New York Labor Laws"), seeking unpaid minimum wages, overtime compensation and

other relief and violations of the Fair Labor Standards Act "FLSA" on behalf of the named

Plaintiffs.  This action is brought as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d) (as amended

by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")).   This

Court also has jurisdiction over the named Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331.

3.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

4.      Plaintiffs are former Loan Officers employed by Defendants who have been subjected to Defendants' illegal compensation practices.

5.      Plaintiff Bifulco was employed by Defendants as a Loan Officer in Long Island, New York during the applicable statute of limitations period.

6.      Plaintiff Miller was employed by Defendants as a Loan Officer in Hauppauge, New York during the applicable statute of limitations period.

7.      Plaintiffs bring this action on behalf of themselves and a New York state class of plaintiffs under F.R.C. P. 23(a) and (b).

8.      Plaintiffs are the individuals named above and those who meet the class definition, each of whom has been victimized by Defendants' unlawful compensation practices.

9.      Defendant The Mortgage Zone, Inc. "TMZ," provided mortgage banking services to consumers in New York from its headquarters located in Hauppauge, New York and its offices located in Long Island, New York.  At all relevant times, TMZ has been an employer under the New York Labor Laws and the FLSA.

10.     At all relevant times, Defendant Alan Breecker has been the President, Owner, Chairman and Chief Executive Officer of TMZ.  Defendant Breecker has exercised operational control over TMZ; controlled significant business functions of TMZ; determined employee compensation; made hiring decisions; and acted on behalf of and in the interest of TMZ in devising, directing, implementing, and supervising the wage and hour practices and policies relating to TMZ Loan

Officers challenged in this Complaint. At all relevant times, Defendant Breecker has been an employer under New York Labor Laws and the FLSA.

11.     At all relevant times, Defendant Jonathan Evans has been the Vice President of TMZ. Defendant Evans has exercised operational control over TMZ; controlled significant business functions of TMZ; determined employee compensation; made hiring decisions; and acted on behalf of and in the interest of TMZ in devising, directing, implementing, and supervising the wage and hour practices and policies relating to TMZ Loan Officers challenged in this Complaint. At all relevant times, Defendant Evans has been an employer under New York Labor Laws and the FLSA.

12.     This Court has personal jurisdiction over each Defendant under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

      a.  TMZ has continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, maintaining, possessing, and operating offices within New York; selling mortgage-related financial goods and services within New York to New York residents and others; and entering into contracts with individuals (including Inside Loan Officers) within New York to provide employment services at its New York offices. TMZ has been the agent of Defendants Breecker and Evans (hereafter "Individual Defendants") with respect to the foregoing acts because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of the Individual Defendants and for the benefit of the Individual Defendants, and the Individual Defendants have exercised control over TMZ in its performance and undertaking of those acts.

      b.  The statutory violations alleged herein involving Loan Officers who have worked at TMZ's New York offices have arisen directly from, and are substantially related to, TMZ's transacting of business and contracting within New York, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiffs Bifulco and Miller, and other Loan Officers at TMZ's New York offices. TMZ has been the agent of the Individual Defendants with respect to the foregoing acts, because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of the Individual Defendants and for the benefit of the Individual Defendants, and the Individual Defendants have exercised control over TMZ in its performance and undertaking of those acts.

c. TMZ and the Individual Defendants have committed the statutory violations alleged herein involving Loan Officers who have worked at TMZ's New York offices either within New York or outside of New York, but in either case have caused such Loan Officers to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within New York; and TMZ has regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and served rendered, within New York; used and possessed real property within New York; and derived substantial revenue from interstate commerce. TMZ has been the agent of the Individual Defendants with respect to the foregoing acts, because, *inter alia*, those acts have been performed and undertaken with the knowledge and consent of the Individual Defendants and for the benefit of the Individual Defendants, and the Individual Defendants have exercised control over TMZ in its performance and undertaking of those acts.

## FACTS

13.    Plaintiffs are individuals who were employed by Defendants as inside Loan Officers located in the State of New York during the statutory period. Plaintiffs were misclassified by the Defendant as exempt under New York state wage and hour laws. Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

14.    Defendants managed Plaintiffs' employment including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies for all its Loan Officers located in New York.

15.    Pursuant to Defendants' common policies and practices, Plaintiffs' primary job duty was to sell loans.

16.    Plaintiffs regularly worked more than 40 hours per week selling these loans.

17.    Defendants failed to pay Plaintiffs a guaranteed salary or hourly rate for the work they performed. Rather, Defendants primarily paid Plaintiffs on a commission only basis. This meant that Plaintiffs were only paid during weeks when they sold a loan. When Plaintiffs did not sell a loan, they were not paid anything, including minimum wage or overtime compensation.

4

18.    Defendants failed to keep any records of time worked by Plaintiffs in violation of New York Labor Laws which require employers to keep a record of hours actually worked each day and each workweek by their employees for a period of at least three years.

19.    Defendants knew and were aware at all times that Plaintiffs worked regular hours for which they received nothing.  Nonetheless, Defendants failed to pay Plaintiffs the requisite minimum wage in violation of New York Labor Laws.

20.    Defendants also knew that Plaintiffs worked more than 40 hours per week. Nonetheless, Defendants failed to properly pay Plaintiffs overtime compensation as required by New York Labor Laws.

21.    Defendants' practices violated the provisions of New York Labor Laws.  As a result of Defendants' unlawful practices, Defendants unjustly benefited from reduced labor and payroll costs.

22.    Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of minimum wages and overtime compensation.  As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of New York Labor Laws Plaintiffs suffered lost wage and other damages.

23.    The Plaintiffs are not exempt because they were not paid a guaranteed salary and because they do not meet any of the tests for exemption.

24.    Defendants intentionally, willfully and improperly failed to pay minimum and overtime wages and other benefits to Plaintiffs during their employment in direct violation of New York Labor Laws.

25.    This action is brought as a State of New York class action to recover unpaid minimum wages, overtime compensation, unlawfully withheld wages and other damages owed to the

named Plaintiffs and all other Loan Officers employed by the Defendants, its subsidiaries and affiliated companies.  Plaintiffs will request that the Court certify a class of Loan Officers who worked at TMZ in the State of New York pursuant to Rule 23(b)(3) for the purpose of seeking compensation under New York Labor Laws.

## CLASS ALLEGATIONS

26.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and on behalf of all others who, during the relevant statute of limitations period, have worked for Defendants as Loan Officers in the state of New York.

27.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

   a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. The representative parties will fairly and adequately protect the interests of the class; and,

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

28.     Plaintiffs seek certification of the following class:

   "All individuals who were employed by the Defendants, its subsidiaries or affiliated companies, as Loan Officers in the state of New York at any time during the relevant statute of limitations period."

## Numerosity

29.     Plaintiffs satisfy the numerosity requirements as the proposed classes consist of hundreds of class members.  The proposed classes can be identified and located using Defendants' payroll and personnel records.  Therefore, the class is so numerous that the joinder of all members is impracticable.  Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

<u>**Common Questions of Fact or Law**</u>

30.     There are questions of fact and law common to each class that predominate over any questions affecting only individual members.  The questions of law and fact common to each class arising from Defendants' actions include, without limitation, the following:

      a.  Whether Plaintiffs' primary duty was to sell loans;

      b.  Whether Defendants failed to pay Plaintiffs a guaranteed salary or hourly rate of pay;

      c.  Whether Defendants failed to pay Plaintiffs minimum wage for all hours worked;

      d.  Whether Defendants failed to pay Plaintiffs overtime compensation for all hours worked over 40 per week;

      e.  Whether Defendants failed to pay Plaintiffs all compensation due to them;

      f.  Whether Plaintiffs have been uniformly classified as exempt;

      g.  Whether Plaintiffs have been expected or required to work in excess of 40 hours per week;

      h.  Whether Plaintiffs have regularly worked in excess of 40 hours per week;

      i.  Whether Defendants have kept accurate records of Plaintiffs' time worked;

      j.  Whether Defendants' practice have violated the overtime provisions of the New York Labor Laws;

      k.  Whether Defendants' failure to pay minimum wage has been willful;

      l.  Whether Defendants' failure to pay overtime has been willful; and,

7

m. Whether Plaintiffs have suffered damages and what the proper measure of those damages is.

The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

31.    Plaintiffs' claims are typical of the claims of the class members. Named plaintiffs suffered similar injuries as those suffered by other members of the respective classes they seek to represent as a result of Defendants' failure to pay overtime compensation.

## Adequacy

32.    Plaintiffs are adequate representatives of the classes they seek to represent because they are members of such classes, and their interests do not conflict with the interests of the members of the classes they seek to represent. The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

33.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered

by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

**COUNT I**
**VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR**
**§§138-2.1 *et seq.***
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

34.     Plaintiffs repeat and re-allege all the allegations set forth in each of the paragraphs above.

35.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Articles 6 and 19 and NYCRR§§138-2.1 *et seq.*

36.     New York Labor Laws provide that the minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer. 12 NYCRR§142-2.1.

37.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Labor Articles 6 and 19, and specifically the Minimum Wage Act §652. As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

38.     Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Laws, has been applied to all members of the New York Class and has deprived them of minimum wages.

39.     In the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by Plaintiffs in violation of the New York Labor Laws.

9

40.     Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Laws and Defendants have not acted in good faith with respect to the conduct alleged herein.

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW ARTICLES 6 and 19 and NYCRR §§138-2.1 *et seq.***
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

41.     Plaintiffs repeat and re-allege the allegations set forth in each of the paragraphs above.

42.     New York Labor Laws provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA.  12 NYCRR§142-2.2.

43.     By the above-alleged conduct, Defendants have failed to pay Plaintiffs and members of the New York Class overtime compensation as required by the New York Labor Laws.

44.     Plaintiffs and the other members of the New York Class are and were not exempt from the overtime provisions of the New York Labor Laws, because, *inter alia*, they have not been paid on a salary basis, and they have not met the requirements for any exemptions.

45.     Loan Officers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

46.     Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of the New York Labor Laws, has been applied to all members of the New York Class and has deprived them of overtime compensation.

47.     In the course of perpetrating these unlawful practices, Defendants have willfully failed to keep accurate records of all hours worked by loan officers in violation of the New York Labor Articles.

48.    Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Articles, and Defendants have not acted in good faith with respect to the conduct alleged herein.

### COUNT III
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. §201 *et seq.*
### FAILURE TO PAY OVERTIME

49.    Plaintiffs reassert and re-allege all the allegations set forth in each of the paragraphs above.

50.    At any and all times relevant hereto, Defendants were an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

51.    At any and all times relevant hereto, Defendants were "employers" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

52.    At any and all times relevant hereto, FRANK BIFULCO and SAM MILLER were each an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

53.    During the applicable statute of limitations period, Plaintiffs were not paid for all hours worked in excess of 40 per week in violation of the maximum hours provisions of the FLSA, 29 U.S.C. 207(a).

54.    At all times relevant hereto the action of defendants to not pay premium pay for all hours worked over 40 in a week was willful.

55.    As a direct and proximate result thereof, Plaintiffs are due back wages and damages, pursuant to 29 U.S.C. 216.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants, jointly and severally and

in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.   Certify a class of individuals who were employed by the Defendants, its subsidiaries or affiliated companies, as Loan Officers in the state of New York at any time during the relevant statute of limitations period."

B.   Declare and find that the Defendants committed one or more of the following acts:

    i.   Violated wage and hour provisions of the New York Labor Laws. by failing to pay minimum and overtime wages earned by the Plaintiffs; and,

    ii.   Willfully violated wage and hour provisions of the New York Labor Laws by failing to pay minimum and overtime wages earned by the Plaintiffs.

C.   Award all legal and equitable relief available under New York Labor Laws.

D.   Award compensatory damages, including all regular and overtime pay owed, in an amount according to proof.

E.   Award interest on all overtime compensation due accruing from the date such amounts were due.

F.   All costs and attorney's fees incurred prosecuting this claim.

G.   Leave to amend to add claims under applicable state and federal laws.

H.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

I.   For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: January 21, 2009

Respectfully Submitted,

Erik H. Langeland (EL-7512)
Erik H. Langeland, P.C.

500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com